9091. MORGAN HARDWARE CO. *v.* AMERICAN CARRIAGE CO.

JENKINS, J. This was a suit on a contract for the purchase-price of a surrey, where the original right of action had become barred, and the plaintiff relied upon letters written by the defendant after the purchase, as constituting new promises to pay, such as would prevent a bar, under the statute, to the original action. Each of the letters thus relied on proposed payment only upon the express condition that credit should first be given to the defendant for the value of the top belonging to the surrey, which top had been previously returned. It appears, from the evidence, that the terms of settlement thus proposed had never been accepted by the seller; that no adjustment of the amount of the credit thus claimed in general terms by the defendant had ever been effected. The suit as filed was for the full amount of the purchase, including the top, less a stated sum which plaintiff had previously, during the course of the controversy, offered to deduct, not as representing the value of the top, but solely by way of compromise, and which offer the defendant had refused to accept. The defendant demurred to the petition as amended, on the ground that it showed the cause of action was barred. This demurrer was overruled. Pleas were also filed, setting up a bar by the statute, and total failure of consideration. The jury found in favor of the plaintiff for a portion of the amount sued for, and the defendant made a motion for a new trial, which was refused, and the movant excepted. *Held:* Where a new promise, accompanied by a condition, is relied upon as fixing a subsequent date from which the period of limitation or a right of action shall commence to run, the promise becomes effectual only upon acceptance and compliance with the condition accompanying it. *Bulloch* v. *Smith,* 15 *Ga.* 395 (4); 25 Cyc. 1347. The plaintiff never having ac-

cepted the offer as contained in the letters of defendant, but having declined to comply with the condition thereby imposed, it can not rely upon such a proposal as an absolute promise to pay; nor could a general admission of an indebtedness, unsettled in' amount, be relied upon as constituting a new promise to pay a particular demand, since, in order for such a promise to avail, it must be' for a sum which is itself definite, or one capable of being reduced to a certainty, and can not be dependent on the subsequent agreement of parties or the finding of a jury upon such an issue. 25 Cyc. 1331.

    *Judgment reversed. Wade, C. J., and Luke, J., concur.*

      DECIDED APRIL 10, 1918.

  Complaint; from city court of Polk county—Judge John K. Davis. July 3, 1917.

  *F. A. Irwin, Mundy & Mundy,* for plaintiff in error.

  *Fielder & Fielder,* contra.