Marshall E. Livingston, J.
This action arises out of an accident which occurred October 29, 1965 in the premises of the defendant bank where the plaintiff, Cecile Mendel, sustained injuries allegedly by reason of a faulty glass door installed by defendant Pittsburgh Plate Glass Company in October of 1958.
This motion by Pittsburgh Plate Glass Company seeks to dismiss the third and fourth breach of warranty causes of action of plaintiffs’ complaint against it, pursuant to CPLR 3211 (subd. [a], par. 5) (Statute of Limitations) and CPLR 3211 (subd. [a], par. 7) (the pleading fails to state a cause of action).
Plaintiffs contend that the provisions of the Uniform Commercial Code (§ 2-725) are not applicable to the alleged breaches of warranty, but that “ strict tort liability ”, having been embraced in New York State (Goldberg v. Kollsman Instrument Corp., 12 N Y 2d 432), controls the third and fourth causes of action here.
It seems to me that the Uniform Commercial Code, as of September 27, 1964, specifically imposes a four-year Statute of Limitations in cases like this from the date the breach of warranty arises. The breach commences from the date of sale or delivery of the material which is the subject of the breach. In this case the alleged faulty doors were delivered and installed in October of 1958. However, as of the date of this accident, to wit, October 29, 1965, the four-year statute cannot be. con *46 trolling. Subdivision (4) of section 2-725 of the Uniform Commercial Code specifically provides: “ This section does not * * * apply to causes of action which have accrued before this Act becomes effective ”. Therefore, the six-year Statute of Limitations (CPLR 213, subd. 1) applies here to a breach of warranty, express or implied.
Strict tort liability in my view extends the implied warranty of a manufacturer for an article to the persons whose use of the article is contemplated, regardless of the fact that there is no privity between such persons and the manufacturer.
It seems to me, however, that despite the emasculation of the old concept of privity, so that now the public may benefit from a breach of warranty, nevertheless the Statute of Limitations begins to run when the breach occurs, at the time of the sale or installation.
The doctrine of strict tort liability now extends the legal right of relief to the public. This right should accrue at the same time as that of a vendee, at the time of sale and installation. To hold otherwise would mean a manufacturer would be liable for a breach of warranty ad infinitum where a contemplated user was involved, but the vendee would be limited to the statutory period.
Thus in this case the causes of action for breach of warranty accrued in October, 1958, when the doors complained of were sold and installed (Kakargo v. Grange Silo Co., 11 A D 2d 796; Liberty Mut. Ins. Co. v. Sheila-Lynn, Inc., 185 Misc. 689, affd. without opinion 270 App. Div. 835; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 213.15). The Statute of Limitations expired in October, 1964, one year before the accident occurred out of which this action arose. The motion is granted.