**Theresa Leah THOMPSON et al.,**
**Petitioners,**

v.

**Honorable Edward J. BOYLE, Judge, United States District Court, Eastern District of Louisiana, New Orleans Division, Respondent.**

**No. 27997.**

United States Court of Appeals
Fifth Circuit.

Oct. 17, 1969.

**1042**

Donald V. Organ, New Orleans, La., for petitioners.

M. Hepburn Many, Robert N. Ryan, Richard C. Baldwin, Lawrence L. Lagarde, Jr., Breard Snellings, Herman M. Schroeder, Thomas C. Wicker, Jr., New Orleans, La., for respondent.

Before JOHN R. BROWN, Chief Judge, and JONES and CARSWELL, Circuit Judges.

CARSWELL, Circuit Judge:

■ The petitioner challenges by mandamus the district court's determination that a three car collision diversity action be stayed pending disposition of a parallel action pending in the courts of Louisiana.

The petition will be denied for it is clear that the ends of sound administration of justice are more likely to be served than obviated by the action taken under the circumstances of this case.

The first suit was filed in the state courts of Louisiana in accordance with what we are advised is rather traditional procedure in Louisiana. Its parallel counterpart was not long forthcoming in the federal arena. To a number of nominal parties were added their insurers under Louisiana's direct action statute. Other suits involving other plaintiffs and defendants and their insurers proliferated in due course in both the federal and state forums. Thus the dockets of the two courts reflect a number of actions in each. The litigation proceeded in each forum with sporadic forays of rulings on motions preliminary to the day of ultimate trial in one or the other or both. In a district which we must note has one of the heaviest caseloads in the entire federal system, the consolidated federal actions were noticed for trial some three years after the initial filing. At that point the state actions were pending and dormant. Shortly before the scheduled trial and following a routine pretrial conference the district court stayed its proceedings pending action by the state court. At that time, and apparently for the first time, it became clear to the court that a number of original parties were no longer before it. Two primary parties had died and there had been no substitution of personal representatives for either in the federal action, although it appears that personal representatives had been substituted in the state actions. Additionally, in the federal actions some parties insurers had atrophied by dismissal for lack of the requisite jurisdictional amount as provided by 28 U.S.C. § 1332. Complete disposition in one trial of the various issues was impossible in federal court.

■ While the Second and Fourth Circuits have adopted the rule that it is not an abuse of the district courts' discretion to stay proceedings in diversity cases if there is a prior action involving the same dispute,[1] we need not here express full accord with such holding in order to deny the relief sought in this case. There should be no short shrift of litigants who are properly before the federal forum of their choice without compelling reasons. Here, however, we cannot say that there was an abuse of discretion to stay the federal actions which would at best conclude only a portion of the controversy.

■ The law as well as equity delights to do justice and that not by halves.

The petition is denied.

---

1. Milk Drivers' and Dairy Employees' Union v. Dairymen's League Co-op Association (2nd Cir. 1962), 304 F.2d 913, 915; Amdur v. Lizars (4th Cir. 1967), 372 F.2d 103.