46959. EVERHART et al. v. RICH'S, INC. et al.

EBERHARDT, Presiding Judge. Harold D. Everhart and his wife purchased from Rich's fiberglass draperies which were installed in their home in December, 1964. Beginning in February, 1970 it was discovered that the draperies were shedding small particles of the material and that these were an irritant to the skin and were breathed into the lungs of Mr. and Mrs. Everhart and their children, doing them serious harm.

The draperies were manufactured by J. P. Stevens & Company from materials supplied by Owens-Corning Fiberglass Corporation. In May, 1971, Mr. and Mrs. Everhart and their minor children brought this action against Owens-Corning, J. P. Stevens & Company and Rich's, Inc. to recover damages alleged to have been suffered from the shedding materials of the draperies. The action was brought in two counts, the first relying upon a charge of negligence of the defendants in failing to warn plaintiffs of the possibilities of shedding by the draperies when they were bought and installed, and the second charging a breach of warranty. All defendants moved for judgment on the pleadings on the ground that it appears that the action is, as to Mr.

and Mrs. Everhart, barred by the statute of limitation. The motions were sustained and the Everharts appeal. (The motions were not directed to nor did they affect the action insofar as it is brought in behalf of the minor children).

The issues raised on this appeal are: (1) as to when the statute of limitations begins to run against a claim for personal injury resulting from the negligence of another when discovery of or knowledge of the injury did not immediately make itself known or apparent and the action to recover damages was not instituted until more than two years after the transaction out of which it is contended the injury arose, and (2) when the bar of the statute of limitations applies in such a situation to a claim made for breach of warranty. *Held:*

1. We prepared and certified to the Supreme Court questions covering the first issue, which that court has answered, *Everhart v. Rich's, Inc.,* 229 Ga. 798 (194 SE2d 425), and we hereby adopt the answer as our opinion on this issue.

2. The statute had run on any claim based upon a breach of implied warranty, and as to that feature of the case the action is barred as to Mr. and Mrs. Everhart. If there was a breach, it occurred when delivery or tender of delivery of the goods purchased was made, absent any specific and explicit extension of the warranty to future performance, and there was none here. UCC § 2-725, Code Ann. § 109A-2—725; Moody v. Sears Roebuck & Co., 324 F Supp. 844 (S. D. Ga.).

Decisions from courts of other jurisdictions in which the Uniform Commercial Code is effective dealing with claims for personal injuries and which hold that the statute begins to run from the time of delivery are: Gardiner v. Philadelphia Gas Works, 413 Pa. 415 (197 A2d 612); Rufo v. Bastian-Blessing Co., 417 Pa. 107 (207 A2d 823); Mendel v. Pittsburgh Plate Glass Co., 57 Misc. 2d 45 (291 NYS2d 94); Val Decker Packing Co. v.

Corn Products Sales Co., 411 F2d 850 (6th Cir.); Wolverine Insurance Co. v. Tower Iron Works, 370 F2d 700 (1st Cir.); Bobo v. Page Eng. Co., 285 FSupp. 664 (W. D. Pa.) aff'd 395 F2d 991; Hoeflich v. William S. Merrell Co., 288 FSupp. 659, 660 (E. D. Pa.).

The statute itself requires that the action must be commenced within four years from the time of the breach, and "a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." In *Gardiner*, supra, the Supreme Court of Pennsylvania asserted that this section of the Uniform Commercial Code provides "a four year period of limitation on all actions for breach of contract for sale, irrespective of whether damages sought are for personal injuries or otherwise." A breach of warranty, express or implied, is, of course, a breach of a contract of sale, for the warranty is a part thereof, and the statute begins to run at the time the merchandise is delivered.

*Judgment reversed for the reasons given by the Supreme Court in answer to the certified questions, which we have adopted. Deen and Clark, JJ., concur.*

ARGUED MARCH 8, 1972 — DECIDED FEBRUARY 28, 1973.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert W. Beynart,* for appellants.

*Carter, Ansley, Smith, McLendon & Quillian, W. Colquitt Carter, Nall, Miller & Cadenhead, Gerald A. Friedlander, Powell, Goldstein, Frazer & Murphy, D. N. Love,* for appellees.