**CLEVELAND LUMBER COM-
PANY, Plaintiff,**

v.

**PROCTOR & SCHWARTZ, INC.,
Defendant.**

**Civ. A. No. C 74–1511 A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 31, 1975.

On Motion to Reconsider May 6, 1975.

Ben F. Johnson, III, Alston, Miller & Gaines, Atlanta, Ga., for plaintiff.

James H. Bratton, Jr., Gambrell, Russell, Killorin, Wade & Forbes, Atlanta, Carson, Proctor & Schwartz, and Drinker, Biddle & Reath, Philadelphia, Pa., for defendant.

### ORDER

JAMES C. HILL, District Judge.

█ This diversity action is before the Court on defendant's motion to dismiss, or in the alternative, to stay the action pending the outcome of litigation in the Court of Common Pleas, Philadelphia, Pennsylvania. On the motion to dismiss, defendant asserts that the complaint does not set forth a claim upon which relief can be granted as the claim is outside the applicable statute of limitations. *See Freund v. Insurance Company of North America*, 370 F.2d 924 (5th Cir. 1967). Since both parties rely on material outside of the pleadings, this motion shall be treated as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Rule 12(b), Fed.R.Civ. P.

### I. MOTION TO DISMISS.

#### A. *Statute of Limitations.*

██ Plaintiff's first contention is that the action is not barred by any statute of limitations. The contract in question states that it is to be read in light of Pennsylvania law, but "[u]nder the Erie-Klaxon doctrine, a federal court sitting as a diversity court must apply the conflict of law rules of the forum state." *Whitaker v. Harvell-Kilgore Corp.*, 418 F.2d 1010, 1015 (5th Cir. 1969). Therefore, the Court must look to Georgia law to ascertain what law to apply and, as statutes of limitations are generally regarded as procedural, *Thomas v. Clarkson*, 125 Ga. 72, 54 S.E. 77 (1906), this Court must apply the Georgia statute of limitations. *Fimian v. Guy F. Atkinson Co.*, 209 Ga. 113, 70 S. E.2d 762 (1952).

Using Georgia law, the defendant asserts that the four year limitation of 109A Ga.Code Ann. § 2–725 (herein-

after 109A–2–725) should apply, while plaintiff claims that the six year limitation of 3 Ga.Code Ann. § 705 (hereinafter 3–705) is applicable.

It is plaintiff's position that the contract under consideration was not a contract for the sale of goods as defined in 109A Ga.Code Ann. § 2–105(1), and therefore the Georgia enactment of the Uniform Commercial Code (UCC) cannot apply. Plaintiff says, rather, that the general limitations of 3–705 which attaches to simple contracts, other than for sale of goods, must be used.

In support of this contention, plaintiff cites the Court to *Meyn v. Ross*, 9 UCC Reporting Service 1357 (Pa.Ct. of Common Pleas, Northumberland Cty.1971). In that case the parties entered into a contract whereby defendant agreed to construct a home for plaintiffs. Plaintiffs sued, alleging that the defective installation of copper tubing in the plumbing system caused extensive damage to the home. The Court held that the UCC statute of limitations did not apply because:

> "The transfer of property in the copper tubing and plumbing system was but incidental to the main purpose [of the contract], which was the furnishing of labor and assembly of materials in the erection and construction of a plumbing system as part of the home being constructed by defendant for plaintiffs." 9 UCC Reporting Service at 1359.

The Court went on to hold that the contract was in no sense a contract of sale, but rather, a construction contract.

The facts of the *Meyn* case, however, are inapposite to the situation *sub judice*. Whereas there the sale of goods was incidental to the basic purpose of the contract, here, the services involved were incidental to the basic purpose of this contract; the sale of a drying kiln to plaintiff.

It is difficult to conceive of a contract, in the proportions of the instant contract, that would not provide for incidental services in connection with the

purchase. The Eighth Circuit Court of Appeals stated in a similar situation, in deciding whether or not a contract fell within the UCC's definition of a sale of goods:

"The applicability of the [UCC] to the April contract is clear from and within its four corners. The 'things' sold are all items of tangible property, normally within the flow of commerce, portable at the time of contract. They are not the less 'goods' within the definition of the act because service may play a role in their ultimate use. The [UCC] contains no such exception. 'Services,' continues Nordstrom, . . . at 47 [R. Nordstrom, Handbook of the Law of Sales], 'always play an important role in the use of goods, whether it is the service of transforming the raw material into some usable product or the service of distributing the usable product to a point where it can easily be obtained by the consumer. The [109A Ga.Code Ann. § 2–105(1)] definition should not be used to deny [UCC] application simply because an added service is required to inject or apply the product.' In short, the fact that the contract 'involved substantial amounts of labor' does not remove it from inclusion under the [UCC] . . . ." *Bonebrake v. Cox*, 499 F.2d 951, 958–59 (8th Cir. 1974).

■ The Court finds here that the essence of this contract was the sale of goods movable at the time of identification to the contract for sale. Other clauses in the contract which may amount to services are merely incidental to the main purpose of the contract and do not take it out of the sales provisions of the UCC. *Cf. Aluminum Company of America v. Electro Flo Corp.*, 451 F. 2d 1115 (10th Cir. 1971); *Sperry Rand Corp. v. Industrial Supply Corp.*, 337 F. 2d 363 (5th Cir. 1964). Accordingly, the UCC statute of limitations appears to apply rather than the general Georgia statute of limitations on contracts.

■ Plaintiff, however, asserts that 109A Ga.Code Ann. § 10–103, as originally enacted, specifically stated that 3– 705 would not apply to contracts of sale covered by Article 2 of the UCC, but that this provision was eliminated in the 1963 amendment to 109A–10–103. Plaintiff then reasons that it is arguable that 3–705 applies to all written contracts of sale.

The Court finds no merit in this argument. The general repealer provision of 109A Ga.Code Ann. § 10–104 still stands. It provides that, "All other laws, or parts of laws, in conflict with this Act are hereby repealed." The Court does not feel that there was any implicit repeal of 109A–2–725 by the deletion of the specific repealer, especially in light of 109A Ga.Code Ann. § 1–104 which states that implicit repeal of a UCC provision by subsequent legislation should not be implied if reasonably avoidable.

■ It is clear to the Court that the specific provisions of 109A–2–725 applies to sales contracts, and that 3–705 applies to all other simple contracts in writing. To hold otherwise would frustrate the purpose of the UCC which is to establish a uniform law of commercial transactions, whereby the maze of conflicting state limitations would be made uniform and predictable. 109A–2–725 has been held to apply in sales contracts even after the repeal of the specific repealer. *Moody v. Sears, Roebuck & Co.*, 324 F.Supp. 844 (S.D.Ga.1971); *Everhart v. Rich's, Inc.*, 128 Ga.App. 319, 196 S.E.2d 475 (1973).

B. *New Promise.*

■■ Plaintiff's second objection to defendant's motion to dismiss is that even if the limitations of 109A–2–725 were to apply to the instant case, the statute did not start running until August 18, 1970, when defendant allegedly gave a "new promise" to pay.

3 Ga.Code Ann. § 901 states that a "new promise" can renew a right of action that is already barred by the stat-

ute of limitations, and 3 Ga.Code Ann. § 903 reads:

"A payment entered upon a written evidence of debt by the debtor, or any other written acknowledgement of the existing liability, shall be equivalent to a new promise to pay."

Defendant's letter of August 18, 1970, from R. Burton, Customer Service Manager of defendant, to Cliff Blalock of plaintiff, upon which plaintiff relies, does not appear sufficient to constitute a new promise. This letter, on the contrary, while stating that defendant would stand behind its warranty, specifically denies liability on most of plaintiff's claim[1] when it says:

"A review of your letter, however, indicates that few, if any, of the items presented will constitute charges directly attributable to incorrect parts or to misinformation on the part of Proctor & Schwartz. The charges include contingent liabilities for which we can accept no responsibility, transportation charges (shipments made FOB our plant), trips to pick up material apparently required by the piping contractors, etc."

In order to constitute a "new promise" the acknowledgement must refer to a particular debt as an existing liability. *Duke v. Lynch,* 56 Ga.App. 331, 192 S.E. 535 (1937). There must be an express promise to pay the claim or "such an absolute and unqualified admission of it as an existing indebtedness that the law would imply a promise to pay the same." *Lambert v. Doyle,* 117 Ga. 81, 43 S.E. 416 (1902). The letter upon which plaintiff relies clearly does not meet this criteria, and even if the statement that defendant would stand behind its warranty could be construed as an admission of a debt, it is not definite enough to constitute a "new promise." *Morgan Hardware Co. v. American Carriage Co.,* 22 Ga.App. 168, 95 S.E. 721 (1918).

## C. *Tort Claim.*

Plaintiff's third contention is that Count II of its complaint is based in tort, and therefore, the statute of limitations of 3 Ga.Code Ann. § 1002 (hereinafter 3–1002) applies and not 109A–2–725. Defendant replies that plaintiff has no claim based in tort.

■ Since the Court is treating defendant's motion as one for summary judgment, it must construe all pleadings most strongly in favor of plaintiff, *Gross v. Southern Railway,* 414 F.2d 292 (5th Cir. 1969), and all inferences must be drawn in favor of the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed. 2d 176 (1962). The Court cannot hold that as a matter of law plaintiff has no action based on defendant's alleged negligence in designing or manufacturing the kiln. There is not at the moment sufficient evidence on which to base a summary judgment for either party. Plaintiff certainly has the right to go beyond the contract and allege negligence. The question still arises, however, as to what is the applicable statute of limitations.

■ Defendant states that *Everhart v. Rich's, Inc.,* 128 Ga.App. 319, 196 S. E.2d 475 (1973), holds that where an injury arises out of a contract of sale that the limitations set out in the UCC applies. The Court does not reach the same conclusion. The claim in *Everhart* was based on two counts. Count I was based on negligence and Count II was based on a breach of an implied warranty. The Court of Appeals decision in *Everhart* apparently dealt only with Count II of the complaint. A reading of the Georgia Supreme Court's decision in *Everhart, Everhart v. Rich's Inc.,* 229 Ga. 798, 194 S.E.2d 425 (1972), indicates that 3 Ga.Code Ann. § 1004 is applicable where personal injuries arise due to the seller's negligence. A fortiori, 3–1002 should apply if injury to

---

1. The letter does admit liability for one item in the amount of $36.00. This amount was apparently credited to plaintiff's account.

personalty is caused by a seller's negligence as opposed to a breach of warranty.

■ Since Georgia recognizes that, in a continuing tort, the statute of limitations runs from the happening of any given injury, *Georgia Power Co. v. Moore*, 47 Ga.App. 411, 170 S.E. 520 (1933), the Court cannot hold, as a matter of law, that Count II of this action is barred by 3–1002. The Court believes that any ruling on this should await a further development of the facts.

## II. MOTION TO STAY.

■ The Court finds no merit in defendant's argument that these proceedings should be stayed pending a final decision in the Pennsylvania case. The Court believes that there is no basis for this Court to decline jurisdiction or stay its proceedings. "Where the Federal and State Courts have concurrent jurisdiction, as for example, in diversity . . . cases, actions *in personam* may proceed concurrently." 1A Moore's Federal Practice, para. 0.221 at 2605. The Supreme Court in *Kline v. Burke Construction Co.*, 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922) states, "[t]he rule . . . has become generally established that where the action first brought is *in personam* and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded."

Granted that under extraordinary circumstances, such as an action for declaratory judgment, unclear state law, or the possibility of having to decide a federal constitutional issue, the Federal Court can refuse jurisdiction or abstain. However, no extraordinary circumstances are present here.

There is no question here of enjoining a state action under 28 U.S.C. § 2283 or a difficult question of state law, nor has the equitable power of this Court been invoked. This is a simple *in personam* action. Therefore, this Court has a duty to continue to exercise its jurisdiction. *Dealer Service Plan, Inc. v. Mur-*

*rey*, C.A. #74–311 (N.D.Ga. Aug. 28, 1974).

Defendant urges on the Court that it has the power to stay this action based upon the Fifth Circuit's decision in *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674 (5th Cir. 1973). The Fifth Circuit, however, only held that a district court has the power to stay an equitable action. It stopped short of saying that a district court can stay a legal action.

"Upon consideration of the authorities, we conclude that in an equity suit, the federal district court has discretionary power to stay its hand pending the outcome of a parallel state action. We are aware that stays have been upheld in some cases which were legal rather than equitable or declaratory in nature. (citations omitted) And some of these suggest that the court's power to stay pending determination of a state action is not dependent on the equitable or declaratory character of the relief sought but is part of the court's inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants'. Landis v. North American Company, 1936, 299 U.S. 248 [254] 57 S.Ct. 163, 81 L.Ed. 153. This court has previously declined to express its full assent to this broader view, *Thompson v. Boyle*, [417 F.2d 1041 (5th Cir. 1969)], and we need not do so today." 478 F.2d at 682.

## III. CONCLUSION.

The Court can summarize its findings as follows:

1. Defendant's motion to dismiss under Rule 12(b) is treated as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P.

2. The Court finds that any action plaintiff may have against defendant based on breach of warranty is barred by the statute of limitations. Accordingly, the Court GRANTS defendant summary judgment as to Count I of the complaint.

3. The Court cannot rule that as a matter of law plaintiff has not stated a claim against defendant in Count II of the complaint. Further, the Court at this time, does not find that as a matter of law plaintiff's claim in Count II is barred by the Statute of Limitations found in 3 Ga.Code Ann. § 1002. Accordingly, summary judgment as to Count II of the complaint is denied.

4. The Court denies defendant's motion to stay these proceedings.

### ON MOTION TO RECONSIDER

On January 31, 1975, the court issued an order in this action in which it granted defendant summary judgment as to plaintiff's claim based upon breach of warranty (Count I) and denied defendant summary judgment as to plaintiff's claim based upon negligent design and manufacture. (Count II). The court felt at the time that defendant had not carried its burden in negating plaintiff's allegations in Count II, and had not shown the court that any such claim was barred by the applicable Georgia statute of limitations. Defendant has now supplemented the record with an additional memorandum of law and has moved the court to reconsider the denial of summary judgment as to Count II of the complaint. Plaintiff has responded to defendant's motion, pursuant to an order issued March 17, 1975, and has requested the Court to reconsider the granting of summary judgment as to Count I. Since Rule 54(b) of the Federal Rules of Civil Procedure provides that any order disposing of fewer than all the claims in an action is subject to revision at any time before the final entry of judgment, the court has reviewed its order of January 31, in its entirety. It is now the opinion of the court, for the reasons set out below, that its dismissal of Count I was correct, but that its denial of summary judgment as to Count II was in error.

I.

Asserting that the court erred in the denial of summary judgment as to Count II, defendant urges that the concept of a "continuing tort" as expressed in Georgia Power Co. v. Moore, 47 Ga.App. 411, 170 S.E. 520 (1933), is inapplicable to a situation where plaintiff's claim is based upon the theory of negligent design and manufacture.

*Moore* and similar cases [1] deal with a cause of action founded upon nuisance. They hold that when a nuisance is found in a structure that "is permanent in its character, and its construction and continuance are not necessarily injurious, but may or may not be so, the injury to be compensated in a suit is only the damage which has happened, and there may be as many successive recoveries as there are successive injuries. In such case, the statute of limitations begins to run from the happening of the injury complained of." *City Council of Augusta v. Lombard*, 101 Ga. 724, 727, 28 S.E. 994, 995 (1897).

Plaintiff does not, and cannot, argue that it has stated a claim grounded in nuisance or trespass. The clear wording of Count II of the complaint is that it is a claim for the negligent design and manufacture of the wood drying kiln it ordered from defendant. It is clear, with such a claim, that cases "based upon the maintenance of continuing nuisances and likewise has no application to this case." *Wellston Co. v. Sam N. Hodges, Jr. & Co.*, 114 Ga.App. 424, 427, 151 S.E.2d 481, 483 (1966). So the question becomes when did the statute of limitation begin to run?

It appears well settled in Georgia that in negligent design and manufacture cases the statute of limitations begins to run when the thing constructed is first installed, and not when the item causes damage to the plaintiff. As stated by the Georgia Court of Appeals

1. *Vickers v. City of Fitzgerald*, 216 Ga. 476, 117 S.E.2d 316 (1960); *City Council of Augusta v. Lombard*, 101 Ga. 724, 28 S.E. 994 (1897).

in *Wellston, supra* 114 Ga.App. at 425–426, 151 S.E.2d at 482:

> Contrary to the contention of the plaintiff, its right of action against the defendants accrued when the defendants committed the negligent acts complained of and not when the building ultimately collapsed as a result of such negligence. The alleged negligent design and construction of the building in and of itself constituted a legal injury to the plaintiff, however slight the actual damages may have been at the time; this is true, notwithstanding the fact that the plaintiff had no knowledge of such wrongs having been committed until the roof collapsed some four years later. * * *

As stated by the Supreme Court in ⌊*Mobley v. Murray County*, 178 Ga. 388(1), [173 S.E. 680 (1934)], "When the question is raised as to whether an action is barred by a statute of limitations, the true test to determine when the cause of action accrued is 'to ascertain the time when the plaintiff could first have maintained his action to a successful result.' . . . A right of action has its inception from the time there has been a breach of duty; and this would entitle the party to file a suit for the breach, without regard to whether any actual damage had in fact resulted." Clearly, it cannot be seriously contended that if the plaintiff had discovered the negligence of the defendants at the time it was committed, it would have had no right of action against them simply because the building had not at that time fallen down.

Under the facts alleged in the petition, the wrong was certainly completed when the roof began to sag a few months after construction of the building and a cause of action could have been maintained at that time for the damage thus incurred. The legal injury was complete and the bar of the statute attached at such time.

The court finds here that if defendant committed a tortious act, it was committed at the time of the installation of the wood drying kiln, and not at some later date when plaintiff may actually have been damaged. It is apparent from the face of the complaint that plaintiff alleges that the kiln "was so negligently designed and/or so negligently manufactured by the Defendant as to require repair within days after its shipment and assembly." Consequently any duty owed plaintiff by defendant was breached at that point. *Mobley v. Murray County*, 178 Ga. 388, 173 S.E. 680 (1934); *see National Hills Shopping Center, Inc. v. Insurance Company of North America*, 320 F.Supp. 1146 (S.D.Ga.1970); *Caroline Realty Investment, Inc. v. Kuniansky*, 127 Ga. App. 478 (1972); *Wellston Co. v. Sam N. Hodges, Jr. & Co.*, 114 Ga.App. 424, 151 S.E.2d 481 (1966).

While there appears to be a distinction in Georgia where the plaintiff has no contractual relations with the negligent defendant, this has no application in an action, such as here, where no innocent third-party was injured by any alleged negligence on the part of defendant. *Compare Wellston, supra, with Hunt v. Star Photo Finishing Co.*, 115 Ga.App. 1, 153 S.E.2d 602 (1967).

Plaintiff responds to defendant's arguments by urging the court to expand the holding in *Everhart v. Rich's, Inc.*, 229 Ga. 798, 802, 194 S.E.2d 425, 428 (1972), to the facts in the instant case. In *Everhart*, the Georgia Supreme Court held that:

> The theory of a continuing tort was adopted, applied, and limited to surgical malpractice in *Parker v. Vaughan*, 124 Ga.App. 300, 183 S.E.2d 605 (1971). Today we recognize and extend this theory, as here explained, to those factual situations analogous to the situation here involved where any negligent or tortious act is of a continuing nature and produces injury in varying degrees over a period of time.

*Everhart* was a products liability case in which damages were sought for personal injury to the uninformed consumers of a product. The court feels that this extension and exception to the general rule of the continuing tort doctrine, was meant by the Georgia Supreme Court to apply only to consumer related personal injury cases, where for reasons of public policy, the tort is not deemed complete at the consummation of the sale. Not only is this indicated by the wording of the above passage from *Everhart,* but the cited case of *Parker v. Vaughan* also indicates that the Georgia courts were not attempting to make a general revision of tort concepts in Georgia. In *Parker v. Vaughan, supra* at 303, 183 S.E.2d at 607 the Georgia Court of Appeals warned:

> There is nothing new about the theory of the continuing tort as adopted here and applied to the facts of this alleged malpractice case. . . .
>
> [But w]e specifically wish to make it clear that our holding here is limited to causes of action in which a surgeon negligently leaves a foreign object in the body of his patient.

■ It is also noted that since *Everhart* the Georgia Court of Appeals has reaffirmed the concept that in a non-consumer setting, the determination as to when a claim accrues depends on when the plaintiff could first have maintained his action to a successful result. *Webb v. Lewis,* 133 Ga.App. 18, 209 S.E.2d 712 (1974).

## II.

In objecting to the court's ruling as to Count I of the complaint, plaintiff reasserts its reliance upon *Meyn v. Ross,* 9 UCC Reporting Service 1357 (Pa.Ct. of Common Pleas, Northumberland County 1971). Plaintiff restates its argument that the UCC statute of limitations is not applicable to the case *sub judice.* Ga.Code Ann. § 109A–2–725.

After a careful consideration of the undisputed facts, the court again reaches the conclusion that the transaction is controlled by the Georgia Uniform Commercial Code. Although, defendant certainly performed certain design and installation services for plaintiff, the basic contract contemplated a purchase of goods as defined in Ga.Code Ann. § 109A–2–105. The decision of the 8th Circuit Court of Appeals in *Bonebrake v. Cox,* 499 F.2d 951 (8th Cir. 1974) is more closely analogous to the facts at hand than the *Meyn* case. This finding is also supported by *Aluminum Company of America v. Electro Flo Corp.,* 451 F.2d 1115 (10th Cir. 1971) and *Sperry Rand Corp. v. Industrial Supply Corp.,* 337 F.2d 363 (5th Cir. 1964).

The cases cited by plaintiff to support its second contention that the determination of the applicable statute of limitations is a question of fact for the jury are not in point. *Brown v. Brown,* 209 Ga. 620(7), 75 S.E.2d 13 (1952); *Morris v. Johnstone,* 172 Ga. 598, 158 S.E. 308 (1931). These cases deal with situations where fraud has been alleged. The rule as stated in *Brown* is:

> If the sole question is one as to the length of time which has elapsed between the accrual of the right and the institution of the action, the question as to whether the action is barred would be one of law; but where, as in this case, there are facts involving fraud and excuses for delay in discovering the fraud, the question becomes one of mixed law and fact, and is a proper question for determination by a jury under proper instructions from the court.

■ Here, there are no allegations of fraud and the court has determined, as a matter of law, that the Georgia Uniform Commercial Code applies to this transaction. Accordingly, it is for the court to decide whether the action is outside the statute of limitations. The court reaffirms its order of January 31, that Count I is barred by the provisions of the statute of limitations found in Ga.Code Ann. § 109A–2–725.

### III.

Since the court now concludes that it should grant defendant's motion for summary judgment as to Count II, and reaffirms its previous grant of summary judgment as to Count I, plaintiff's complaint is dismissed. The clerk is directed to enter judgment in favor of the defendant.

It is so ordered.