## 55453. CLARK v. MEMORIAL HOSPITAL OF BAINBRIDGE.

DEEN, Presiding Judge.

On April 19, 1975, the plaintiff was cutting wood when a piece of metal broke off a wedge he was using, struck him in the left leg, and a spicule entered into the leg. He went to the emergency room of the defendant hospital where he was treated, but no x-rays were taken and he was apparently reassured that adequate treatment had been administered. He never returned to the hospital. The leg continued to trouble him. In January, 1976, he went to another physician who discovered the errant piece of metal and it was surgically removed. This malpractice action was filed April 19, 1977. The defendant's plea of statute of limitation was sustained and the plaintiff appeals.

1. In counting the two-year period of the statute of limitation for injury to the person, the first and last day must both be counted. *Hilea v. Colonial Stores, Inc.,* 135 Ga. App. 39 (216 SE2d 905) (1975). It follows that the two-year limitation ended April 18, 1977, and a suit filed the following day was subject to the bar of the limitation.

2. By Ga. L. 1976, p. 1363 et seq. (Code Ann. Ch. 3-11) medical malpractice actions shall be brought within two years after the date on which the wrongful act occurred except that, under Code Ann. § 3-1103, where a foreign object has been left in a patient's body, an action shall be brought within one year after the tort is

discovered. We agree with the trial court that Code Ann. § 3-1103 refers to objects placed in the patient's body during some medical procedure in such fashion that the practitioner may be charged with knowledge that the object is lodged there. Here, although there may have been negligence in failing to x-ray the patient's wound or by other procedures to discover the bit of metal, there is not the same cluster of circumstances on which constructive knowledge may be predicated, as in cases where the practitioner inserts the foreign body. Further, if this section did apply, the suit would be barred because more than a year elapsed between the discovery of the negligence and the filing of the action.

It is however contended that under the precedents of *Everhart v. Rich's, Inc.*, 128 Ga. App. 319 (196 SE2d 475) (1973) and *Parker v. Vaughan*, 124 Ga. App. 300 (183 SE2d 605)(1972), this complaint alleges a continuing tort and therefore the statute should not commence running until it was discovered, which was January, 1976. Two arguments militate against following *Parker* as a precedent. In the first place, the plaintiff only went to the emergency room one time and never returned for treatment. More to the point, however, it is obvious that Code Ann. Ch. 3-11 is a legislative answer to the *Parker* case: it sets a new statute of limitation in cases involving the leaving of foreign substances in the body (which was what *Parker* was about) as being a year from the date of discovery of the object. This, then, supersedes the ruling in *Parker*. The *Everhart* case, based on an extension of the *Parker* doctrine, concerns the sale of a potentially dangerous commodity accompanied by a failure to warn; the warning involves a hazard which must be presumed to be within the defendant's knowledge, and the tortious act must be "a continuing one inflicted over a period of time." If failure to discover and warn this plaintiff that there was a piece of metal in his leg was a tort it was "continuing" only during the period during which the plaintiff was receiving treatment in the emergency room of the defendant's hospital. The failure to discover may well be negligent; however, it was the failure to warn or to take corrective action where knowledge is presumed, which was the essence of the continuing nature of the tort in the

*Parker* and *Everhart* cases.

The statute of limitation was not tolled, and the trial court properly dismissed the complaint as filed too late.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Argued March 1, 1978 — Decided March 14, 1978.

*Mary M. Young,* for appellant.

*Alexander, Vann & Lilly, William U. Norwood,* for appellee.