22347.   WALLACE v. EISELMAN, Executrix, et al.

CANDLER, Justice.   On January 23, 1957, Karl Wallace sued Yetta G. Wallace for divorce on the ground of cruel treatment.   In that proceeding he also prayed for a decree placing title in himself to certain property described in his petition.   Mrs. Wallace answered his petition and also filed a cross action in which she alleged that the property described in her husband's petition belonged to her and prayed for a decree establishing her title thereto.   The case resulted in a decree dissolving the marriage and awarding the property to Mrs.

Wallace. Such decree was rendered on October 17, 1957. After the death of Mrs. Wallace and on October 31, 1962, Wallace filed a petition against Gertrude Eiselman, as executrix of the estate of Mrs. Wallace to set aside the decree in so far as it relates to the property described in Wallace's divorce petition. His petition was dismissed on general demurrer and the exception is to that judgment. *Held:*

"All proceedings of every kind in any court of this State to set aside judgments or decrees of the courts, shall be made within three years from the rendering of said judgments or decrees." *Code* § 3-702. The limitation period prescribed by this section does not apply to insane persons as long as such disability exists. *Code* § 3-801. Where one relies on an exception to the operation of a statute of limitation, he must clearly, plainly and distinctly plead facts which bring him within such exception. *Worthy v. Johnson,* 8 Ga. 236 (52 AD 399); and *Thornton v. Jackson,* 129 Ga. 700 (59 SE 905). Here the petition shows that the decree sought to be set aside was rendered more than five years before this litigation was instituted, and unless the three-year limitation period for setting it aside was tolled by an exception thereto, the plaintiff's action was barred, and his petition seeking such relief was subject to general demurrer. *Whelchel v. Haynes,* 148 Ga. 307 (96 SE 568). Are the allegations of the petition sufficient to show that Wallace was because of insanity legally excused from bringing his suit within the three-year limitation period? We do not think so. Paragraph 7 of his petition alleges that he did not appear at the trial when the decree sought to be set aside was rendered because his wife led him to believe she would not on the trial of his divorce action insist on any adjudication of property rights and that he relied on those representations and for that reason did not attend the trial. And paragraph 8 of his petition alleges that he was ill when the decree was rendered and that such illness continued for a period of *about* three years thereafter but when he did regain his mental and physical health he did not feel that he should take any action to set aside the decree because his former wife was then suffering from incurable cancer and he hoped she would by her will restore his property to him. Properly construed, these allegations show that Wallace was sane when the decree was rendered and they utterly fail to allege that he was insane during the three-year period imme-

diately before he filed his suit to set aside the decree. In this connection, see *Hubbard v. Williams,* 144 Ga. 566, 570 (87 SE 780).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 15, 1964—DECIDED JANUARY 22, 1964.

*Julius Fine,* for plaintiff in error.
*Brannen, Clark & Hester,* contra.