23442. CHURCH OF GOD OF THE UNION ASSEMBLY, INC. et al. v. ISAACS.

CANDLER, Presiding Justice. On January 20, 1962, Chester F. Isaacs filed a suit in the Superior Court of Whitfield County against the Church of God of the Union Assembly, Inc., Jesse F. Pratt and 12 other persons as ministers and as members

of the Supreme· Council of said church, a self-appointed and self-perpetuating governing body. The petition alleges that he, as a member of such church, during the early part of 1956 contributed to such church $34,672.85 for specific church purposes. The petition further alleges that during the latter part of 1955 the defendants, as members of the Supreme Council of said church and as ministers of such church, adopted and preached to the congregations of such church a doctrine that for all members to be "saved" it was necessary for them to sell their worldly possessions and lay them at the feet of the moderator of the church whom they represented to be the Apostle, and come together in Union City in Dalton, Georgia, where all property of the church would be owned in common and distributed among the believers according to their needs; that such doctrine was adopted and preached by the defendants for the purpose of deceiving petitioner and others similarly situated and for the purpose of inducing petitioner to deliver his worldly possessions to the defendants in order that defendants might use the same for purposes of the church; that petitioner, believing such representations as thus made to him, acted thereon and liquidated his real estate holdings in Hamilton, Ohio, and delivered to C. T. Pratt, then moderator of the church, the sum of $34,672.85 to be used by the defendant church for the purposes represented to him. It further alleges that the defendants during December 1961, began to and did dispose of valuable portions of the church's property to each other and that they will, unless restrained from doing so, render the church insolvent and unable to pay any judgment petitioner may recover against it. He prayed for a judgment against the defendants for a sum equal to the amount of his contribution and for an injunction to restrain the defendants from making further conveyances of the church's property. His petition was dismissed on general demurrer with leave to amend in 30 days. Within the time allowed therefor, he amended his petition by striking some of its material allegations and alleging in lieu thereof the following: On May 28, 1956, he delivered to C. T. Pratt, moderator of the defendant church, personal property having a value of $9,672.-85 and a check for $25,000 which was paid from his account, all of which he intended to be a contribution to the defendant church for specified church purposes. The amendment fur-

ther alleges that the defendants represented to him shortly prior to May 28, 1956, that if he would deliver to C. T. Pratt, as moderator of the defendant church, the sum of $25,000, it would be used to make the down payment on a tract of land in Whitfield County known as the Archer Farm; that he would, after such property was purchased and the seller had vacated it, be permitted to live on and operate it during the rest of his life; that defendants used the proceeds of his $25,000 check to Pratt as the down payment on the Archer Farm; and that defendants had, since such farm was purchased and possession thereof obtained from the seller, refused to let him live on it but have retained possession of it for their own private benefit. The amendment further alleges that the defendants had prior to May 28, 1956, entered into a conspiracy with each other to fraudulently obtain money and property from petitioner; that they corruptly agreed with each other that they would represent to him that money and property given to them would be used for specific church purposes, knowing at the time and prior thereto that they intended to and would use it for their own personal benefit; and that the defendant church, acting through its officers, was a party to the conspiracy to defraud him since its officers knew any funds obtained from him would be used by the individual defendants in their personal ventures and enterprises; that the said church thereby lent its name to and took an integral part in such fraudulent scheme; and that the individual defendants are using the funds contributed by him for their own private benefit.

Like the original petition, the amendment alleges that the individual defendants during December, 1961, began to and did convey to each other valuable portions of the church's real estate. The amended petition was demurred to on the ground, among others, that the cause of action declared on was barred by the statute of limitation before this suit was instituted. This demurrer was overruled and from that judgment the defendants entered an appeal to this court. *Held:*

It is stated in the brief of Chester F. Isaacs that this is not a suit in which he seeks to recover funds contributed by him to a church but is a suit in which he seeks to recover money obtained from him through a wilful and fraudulent scheme. The limitation period for bringing the action here asserted is 4 years (*Code* § 3-706) but where a cause of action arises

in consequence of a fraud, the statute of limitation does not begin to run until the fraud is discovered. *Code* § 3-807. The money which the plaintiff seeks to recover from the defendants was, according to the allegations of his amended petition, obtained from him on May 28, 1956, when he delivered to the defendants $34,672.85 and this action was not filed until January 20, 1962, more than 5 years thereafter. Where one relies on an exception to the operation of the statute of limitation, he must clearly, plainly and distinctly plead facts which bring him within such exception. *Wallace v. Eiselman*, 219 Ga. 595 (134 SE2d 807). On demurrer thereto, pleadings are to be construed most strongly against the pleader, and in the light of their omissions as well as their averments. *Chalverus v. Wilson Mfg. Co.*, 212 Ga. 612 (1) (94 SE2d 736). Assuming that the conveyances which the defendants began to make to each other during December, 1961, of valuable portions of the defendant church's property were sufficient to put the plaintiff on notice of the fraud allegedly perpetrated on him, they are not sufficient to show that they were the first knowledge plaintiff had of such fraud. This being true, we hold that the amended petition shows on its face that the cause of action asserted by plaintiff was barred by the statute of limitation when this suit was instituted.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 9, 1966—DECIDED JUNE 9, 1966.

*Cook & Palmour, A. Cecil Palmour,* for appellants.
*John W. Stokes,* for appellee.