### 46040.   HAMILTON v. LOCKRIDGE.

EVANS, Judge. Nathan W. Hamilton filed a complaint against Donald Ray Lockridge in the Superior Court of Gwinnett County, seeking damages for fraud. He alleges that Lockridge conveyed to him by warranty deed certain improved property having thereon a new dwelling. In the construction of the dwelling the defendant failed to comply with the construction codes of DeKalb County, Ga., where the house was located. By reason of the failure of the defendant to construct the carport slab as required by the code, certain latent defects occurred which were well known to the defendant but unknown to the plaintiff, resulting in injury and damage to him by reason of which he seeks damages and attorneys fees. The defendant denied the material averments of the complaint, and affirmatively answered that the house was duly approved by the Building Inspection Department of DeKalb County. He further alleges

that the damages to the plaintiff resulted from his own neglect in allowing water from the downspouts to accumulate and stand on the alleged defective concrete carport slab, over a period in excess of four years, and that plaintiff's damages thereby resulted from his own negligence. Plaintiff amended his petition to add that the concrete carport slab was constructed in such a manner as to be inherently and intrinsically dangerous to the plaintiff, as the vendee and purchaser of said home; and that it was known to be so constructed by the defendant, and that defendant did represent to the plaintiff that the slab was soundly constructed, and that plaintiff need have no apprehension with respect to same. He alleged that the slab has commenced to fall away, cave in, and is imminently dangerous to the remaining portion of the house; all of which constitutes actual fraud and deceit practiced upon plaintiff to his injury and damage. He further alleged that false representations were made to him by the defendant as to the proper construction of the carport slab at the time it was purchased by him. The defendant filed a motion to dismiss, which came on for a hearing, and the court ordered the same dismissed because inter alia the deed to the property was executed more than 4 years prior to the filing of the suit. The appeal is from this final judgment. Error is enumerated that the court erred in sustaining the defendant's motion to dismiss and in dismissing the complaint. *Held:*

1. It is true that the petition alleges the warranty deed was made in 1966, which was more than 4 years prior to the filing of this action. However, under our present system of notice pleadings rather than issue pleadings, the same are now construed most strongly in favor of the pleader, rather than against him. See *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Hunter v. A-1 Bonding Service,* 118 Ga. App. 498 (164 SE2d 246). Plaintiff's complaint, while showing that he has owned the property and has had possession of same for slightly more than 4 years before filing suit, under the allegations of said complaint, this does not constitute a beginning point from which the statute of limitation runs. It is alleged in said complaint that the defects in the house were latent, and as no date

is alleged showing when said latent defects were discovered, said pleading must be construed most favorably toward the pleader, and to the effect that the defects were not discovered by the plaintiff more than 4 years before filing his action. The statute of limitation did not begin to run until the latent defects were discovered by plaintiff, irrespective of his purchase of the property at an earlier time. *Hunt v. Star Photo Finishing Co.,* 115 Ga. App. 1, 6 (153 SE2d 602); *Chitty v. Horne-Wilson, Inc.,* 92 Ga. App. 716 (89 SE2d 816). There are instances when the statute of limitation begins to run on the date the tortious act is committed to property, such as acts which are wrongful in themselves, or as where one's property is invaded or trespassed upon by another. See *Hunt v. Star Photo Finishing Co.,* supra.

2. The petition alleges a complaint for certain alleged latent defects known to the defendant but unknown to the plaintiff, hence the petition is not subject to dismissal. *Whiten v. Orr Constr. Co.,* 109 Ga. App. 267 (136 SE2d 136); *Reynolds v. Wilson,* 121 Ga. App. 153 (173 SE2d 256). The error enumerated is meritorious, and the court erred in sustaining the motion to dismiss.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*
Submitted March 2, 1971—Decided April 6, 1971.

*Richardson, Chenggis & Constantinides, George G. Chenggis,* for appellant.