46768.   STROUD v. WILLINGHAM.

ARGUED JANUARY 7, 1972—DECIDED APRIL 27, 1972.

*Burt, Burt & Rentz, D. D. Rentz, Van Cheney*, for appellant.

*Landau, Davis & Farkas, Edmund A. Landau, Jr.*, for appellee.

PANNELL, Judge. Melinda Stroud, by next friend, brought an action against William R. Willingham seeking to recover damages for injuries sustained when "defendant negligently drove a 1963 Chevrolet automobile into and over plaintiff." The defendant's answer, as amended, alleged as a fourth and fifth defense the following: "4. The sole proximate cause of the alleged injuries to the plaintiff was the negligence of the plaintiff's father, Jerry Stroud, *in failing to properly attend and care for the infant plaintiff.*" (Emphasis supplied) and "5. The sole proximate cause of the alleged injuries to the plaintiff was the negligence of plaintiff's father, Jerry Stroud, *in failing to exercise ordinary care to prevent the injuries to the plaintiff in this case.*" (Emphasis supplied.) The plaintiff moved to strike "the paragraph designated as the fourth defense, and the paragraph designated as fifth defense upon the grounds that said fourth defense and said fifth defense fail to set forth a defense in law to the plaintiff's complaint." The court overruled the motion and plaintiff, with a proper certificate for review, appealed to this court.

It has been many times held that where the sole proximate cause of an injury to the plaintiff is the negligence of someone other than the defendant, there can be no recovery against the defendant, although the defendant may have been guilty of negligence. See *Barnes v. Holcomb,* 35 Ga. App. 713 (1) (134 SE 628). Appellant contends, however, that since the negligence of the father in the present case is not imputable to the child plaintiff, this defense is not available to the defendant, relying upon *Code* § 105-205 and the cases from which the Code section was codified: *East Tenn., Va. & Ga. R. Co. v. Markens,* 88 Ga. 60, 62 (13 SE 855, 14 LRA 281) and *Atlanta & Charlotte Air-Line R. Co. v. Gravitt,* 93 Ga. 369 (20 SE 550, 26 LRA 553, 44 ASR 145), and particularly the latter, on page 378 where it was said: "The decided weight of current authority is in accord with the view thus succinctly stated by Arnold, J., in the recent case of Westbrook v. Railroad Co., 66 Miss. 560, 14 ASR 587: 'Infants have legal rights distinct from their par-

ents, among which is the right to security from personal injuries occasioned by the negligence, or wilful wrong, of others. Negligence or dereliction of the parent or custodian of children is no justification for others to injure them.' Accordingly, it is held in Mississippi that where the suit is brought by, or in behalf of, the infant in its own right, contributory negligence on the part of its parents, or others standing in loco parentis, will not operate as a bar to recovery, or present any defence to the suit." In an older case, *Ferguson v. Columbus & Rome R.*, 77 Ga. 102 (2, 3) the Supreme Court held: "Where a railroad company leaves a dangerous machine, such as a turntable, unfastened in a city, on a lot which is not securely inclosed, and where people and children are wont to visit it and pass through it, this is negligence on the part of such company; and where an infant of ten or twelve years of age resorted to the turntable, and in riding upon it was dangerously and seriously injured, the railroad company is liable for damages for such injuries to the infant. And this is so, notwithstanding the father of the infant permitted her to go near the turntable to carry breakfast to a minor brother, who had been left by the father to protect other property of the company than the turntable. The fault of the father, if any, is not attributed to the infant, the action being brought by the infant herself."

A reading of the *Gravitt* case discloses that the purpose of the rule adopted in this case (Section 105-205) was not designed to make one liable to an infant who would not otherwise be so liable under the ordinary rules of law, but was merely to rid the infant of the burden of being charged with the negligence of the parent as if such negligence were its own. And, therefore, the negligence of the parent, not imputable to the child, cannot be used as a bar or defense to the defendant's causative negligence. However, where the negligence of the parent is the sole proximate cause of the injury to the child, the child cannot recover from the defendant. This rule of sole proximate cause on the part of another by its own terms presupposes no causa-

tive negligence on the part of the defendant; therefore, no negligence is imputed to the child to be used to bar or to defend against defendant's causative negligence. The *Markens* case, 88 Ga. 60, 62, supra, one of the cases from which *Code* § 105-205 was codified, held: "In the case of a female passenger in a public hack, a charge to the jury as follows was correct: 'I do charge you that the negligence of the driver, if he was negligent, is not imputable in law to her. A person who hires a public hack and gives the driver directions as to the place where he wishes to be conveyed, but exercises no other control over the conduct of the driver, is not responsible for his acts of negligence or prevented from recovering against the railroad company for injuries suffered from a collision of its train with the hack, if the same was caused by the concurring negligence of both the manager of the train and the driver of the hack. The only negligence on the part of the driver which will defeat or otherwise affect the right of Mrs. Markens to recover is embodied in the following proposition: If the negligence of the driver was the sole cause and the real cause of the collision, she cannot recover. If the driver and the manager of the train were guilty of negligence, both concurring to bring the collision about, such negligence on the part of the driver cannot have the effect either to defeat or diminish the plaintiff's right to recover.'" In our opinion, this case determines the very question involved here. See also, *Scholle Atlanta Corp. v. Nealy,* 110 Ga. App. 775, 777 (140 SE2d 88) in which it was said: "In cases of this nature the negligence, if any, of the host driver is not imputable to the guest passenger, *East Tenn. &c. R. Co. v. Markens,* 88 Ga. 60 (2) (13 SE 855, 14 LRA 281); *Goldstein v. Gee,* 76 Ga. App. 637 (2) (46 SE2d 763); *Beadles v. Bowen,* 106 Ga. App. 34 (4) (126 SE2d 254). However, the plaintiff is not entitled to recover against the defendant if the host driver's negligence of any degree, either gross, ordinary, or slight, was the sole proximate cause of plaintiff's injuries, for this necessarily excludes the defendant's negligence as a proximate cause contributing to the injuries. See *Central of Ga. R. Co.*

*v. Reid,* 23 Ga. App. 694, 696 (99 SE 235); *Brooks v. Carver,* 55 Ga. App. 362 (2) (190 SE 389); *Mishoe v. Davis,* 64 Ga. App. 700 (2) (14 SE2d 187); *Lewis v. Williams,* 78 Ga. App. 494 (4) (51 SE2d 532). The issue of the host driver's negligence as constituting the sole proximate cause of the plaintiff's injuries having been injected into this case by the defensive pleadings and the evidence, it was pertinent for the trial judge to charge the jury on this subject. *Smith v. Payne,* 85 Ga. App. 693 (2) (70 SE2d 163)."

Appellant also relies heavily upon the case of *Atlantic C. L. R. Co. v. Coxwell,* 93 Ga. App. 159 (91 SE2d 135), overruling certain cases among which were *Brinson v. Davis,* 32 Ga. App. 37 (122 SE 643); *Carroll v. Ga. Power Co.,* 47 Ga. App. 518 (171 SE 208) and *Louisville & N. R. Co. v. Patterson,* 77 Ga. App. 406 (49 SE2d 218). Appellant contends that these cases were overruled because they held that a defendant could defend on the grounds that the negligence of a third party, whose negligence would not be imputed to the plaintiff, was the sole proximate cause of the injury. While one of these cases made such a holding (*Louisville & N. R. Co. v. Patterson,* 77 Ga. App. 406, supra), neither that case nor the other cases were overruled because of such a ruling, but were overruled because they also held that the negligence of a third party, not imputable to the plaintiff, could be used as a bar, or to lessen a plaintiff's recovery on the application of the avoidance rule, last clear chance rule, and comparative negligence rule (assuming without deciding that these are different rules) and the assumption of risk rule. The *Coxwell* case, 93 Ga. App. 159, supra, is therefore no authority to the contrary of what we have here ruled.

The next question that arises is whether the additional language in the fourth and fifth defenses, emphasized in the statement of facts, is sufficient in either instance to bring the defenses asserted within the ambit of those prohibited by the proper application of *Code* § 105-205. The additional language in the fourth defense, "in failing to properly attend and care for the infant plaintiff" clearly

does not seek to nor does it limit the defense already stated that the negligence of the father was the sole proximate cause of the injury to the child. The additional language of the fifth defense, however, in asserting that the father failed to exercise ordinary case to *prevent* the injuries to the child, does border upon an attempt to use the avoidance rule as a defense substituting the negligence of one other than the plaintiff, which would be imputation of the negligence of the father to the child in violation of *Code* § 105-205. Under the present rules of practice, however, we must construe the pleading in favor of the pleader (*Hamilton v. Lockridge,* 123 Ga. App. 609 (1) (181 SE2d 910)) and since the pleading has language which bases the defense upon the negligence of the father being the sole proximate cause of the injuries to the child, we must uphold the pleading as against the motion made. Whether the added language in either the fourth or fifth defense is subject to be stricken under the provision of subsection (f) of Section 12 of the Civil Practice Act (Ga. L. 1966, pp. 609, 622; *Code Ann.* § 81A-112), or whether either the fourth or fifth defense is subject to be stricken as redundant under this section, we do not decide, as no such questions are raised by the motions made.

The trial court did not err in overruling the motion to strike the fourth and fifth defenses on the asserted ground that they failed to set forth a defense to the plaintiff's complaint.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*