## 27752. SPREWELL v. FARMER.

ARGUED FEBRUARY 12, 1973 — DECIDED
MARCH 15, 1973.

*C. C. Perkins,* for appellant.

*Tisinger & Tisinger, Thomas Vance,* for appellee.

GRICE, Presiding Justice. This appeal is from a verdict and judgment enjoining the appellee from asserting any claim to and trespassing upon a described tract of land.

Litigation commenced when Clyde Farmer filed an action against Fred Sprewell in the Superior Court of Carroll County alleging in substance the following: that he was in possession of a tract containing approximately 25 acres, in the northeast corner of Land Lot 192 in the 11th District of that county, and in the northwest corner of Land Lot 161 of that district; that he and his predecessors had been in adverse possession of the land for 20 years; that he himself had been in adverse possession of the land for 7 years under a certain warranty deed; that the defendant's predecessors had agreed and acquiesced with him and his predecessors in

title that the western boundary begins on the north original land lot line of Land Lot 192 and runs southerly along the old creek bed to the original land lot line which divides Land Lots 192 and 161.

The plaintiff alleged further that the defendant claims an interest adversely to him in that part of the property lying in Land Lot 192; that the defendant's claim is without foundation and he has no right in such property; and that he fears that the defendant will do permanent harm to the property by removing a fence erected by him and by the cutting of trees.

The prayers of the complaint were that the defendant be permanently enjoined from asserting any claim to the property; that rule nisi issue; that title be decreed in the plaintiff; and that he be granted general relief.

To this complaint the defendant answered, denying its essential allegations and asserting that the plaintiff is a trespasser upon his land without any legal claim or title to the property. It also alleged that the defendant fears that the plaintiff will permanently harm the property by such things as cutting trees, fencing it and removing timber. The answer prayed that the complaint be dismissed; that the plaintiff be permanently enjoined from asserting any claim to the property; that title be decreed in the defendant; that he be awarded general relief.

The defendant also moved to dismiss the action because the complaint fails to state a claim against him upon which relief can be granted. This motion was overruled and dismissed.

While the trial was in progress the plaintiff sought to amend his complaint by striking the description contained therein and substituting therefor essentially the following: "All that tract or parcel of land lying and being in the 11th District of Carroll County, Georgia, whether being in original Land Lots 161 and 192 and being fully described as all that 25 acres of land in deed

from Stacey Farmer, Glenn Farmer, Joy Nell Farmer, and Hildred Colley, heirs of C. H. Farmer, to Clyde Farmer dated October 5,1962, recorded in Deed Book 140, page 115, Carroll County Records, which is by reference incorporated herein. The portion lying west of the Farmers High Road of the 25 acres tract is bounded on the west side . . . by the north original lines of original Land Lots 161 and 192 as shown by a plat . . . entered in evidence as Exhibit No. 1 by plaintiff which is by reference incorporated herein. The property is bounded on the west by the creek as shown in the above referred to plat and the west line of original Land Lot 161, on the south by property of Stacey Farmer and on the east by the Farmers High Road. This property is also that tract of land contained in a deed from D. M. Garner to C. H. Farmer dated March 1, 1918, marked and entered in evidence as plaintiff's Exhibit No. 3 . . . which is by reference incorporated herein."

This amendment, made at the conclusion of the evidence, was allowed over objection of the defendant.

The court refused to charge the jury as to matters hereinafter referred to.

At the close of the plaintiff's evidence the defendant renewed his motion to dismiss the complaint and also moved for a directed verdict. He received an adverse ruling as to both.

The jury returned a verdict for the plaintiff. It was made the judgment of the court, which in turn brought about this appeal.

Enumerated as error are the following: (1) overruling the motion to dismiss the complaint; (2) overruling the motion for directed verdict; (3) overruling the objection to the amendment of the complaint; and (4) refusal to give certain charges.

■ No error was committed as to the motion to dismiss the complaint. In view of notice pleadings now in force by virtue of the Civil Practice Act, this court has many times

upheld complaints in the face of motions to dismiss. See, e. g., *Mitchell v. Dickey,* 226 Ga. 218, 220 (173 SE2d 695); *Gill v. Myrick,* 228 Ga. 253, 259 (185 SE2d 72). Here the complaint was sufficient to apprise the defendant as to the nature of the suit so that he could defend it.

■ Nor was it error to refuse to direct a verdict in favor of the defendant. The plaintiff offered evidence both oral and documentary in support of his complaint asserting title as a result of 20 years adverse possession, 7 years adverse possession by color of title and 7 years acquiescence as to the boundary. In consideration it cannot be said that the evidence demanded a verdict in favor of the defendant rather than presented conflicting issues of fact for a jury to determine. Code Ann. § 81A-150 (a).See *Stevens v. Stevens,* 227 Ga. 410, 413 (181 SE2d 34).

■ The allowance of the amendment to the complaint was not erroneous. The amendment merely set forth a description of the property in keeping with that shown in support of the plaintiff's contentions.

■ Finally, refusal to charge certain requests submitted by the defendant was not improper. Two of these involved aspects of trespass, the nature of which was adequately covered in a charge given by the court. One request was argumentative as a conclusion that the plaintiff could not recover in the case. A fourth involved the effect of a quitclaim deed whereas no quitclaim deed was involved in the evidence. The issue as to the remaining requests has been abandoned.

We find there is no merit in the enumerations of error. *Judgment affirmed. All the Justices concur.*