50656. DILLINGHAM v. DOCTORS CLINIC, P. A., et al.

PANNELL, Presiding Judge.

1. Upon review by certiorari the Supreme Court in *Dillingham v. Doctors Clinic, P. A.,* 236 Ga. 302, reversed our ruling in Headnote 1 of our original opinion reported in *Dillingham v. Doctors Clinic, P. A.,* 135 Ga. App. 736 (219 SE2d 2).

2. In Headnote 2 of our original opinion, we held that it was unnecessary to consider the other grounds upon which the trial court could have dismissed plaintiff's complaint because of our decision in Division 1. Because our decision in Division 1 has been reversed, it is necessary for us to decide if there were other grounds which would have supported the trial court's dismissal of the complaint.

3. The defendants moved to dismiss the complaint on several grounds. One of these grounds was that the complaint showed on its face that the claims alleged therein were not of such a character for which a class action would be authorized under § 23 of the Georgia Civil Practice Act.

Even if the court determined that the action brought as a class should not be so maintained, this would not afford a basis for dismissing the complaint. Rather, such a determination would mean that the action would be stripped of its character as a class action and would proceed as a non-class action. 3B Moore's Federal Practice, 23.01[11.-1]. Accordingly, this ground would not have supported the court's dismissal of the complaint.

4. The defendants also moved to dismiss the complaint on the ground that the complaint sought to recover damages for malicious abuse of legal process. Appellees contend that the complaint fails to set forth a claim for malicious abuse of legal process.

The Supreme Court held in the present case that the complaint did set forth a cause of action for negligence and was not subject to dismissal for failure to state a claim upon which relief could be granted. *Assuming* that the paragraph of the complaint alleging malicious abuse of legal process was insufficient to state a cause of action, this would not have afforded a basis for dismissing the entire complaint for failure to state a claim. " 'Where a motion to dismiss is addressed to an entire pleading . . . the motions are properly overruled where a portion of the matter thus attacked is not subject to the objection urged.'" *Ace-Hi Electric, Inc. v. Steinberg,* 133 Ga. App. 917 (3) (213 SE2d 71).

5. The defendant moved to dismiss the complaint on the ground that plaintiff's cause of action for injury to the person was barred by the statute of limitation. The complaint does not affirmatively show that any cause of action set forth therein is barred by the statute of limitation. The record does not show that the trial judge considered any evidence outside of the pleadings. Whether or not plaintiff's claim was barred by the statute of limitation could not be ascertained from the pleadings. Accordingly, this ground did not afford a basis for the trial

court's dismissing the complaint.
*Judgment reversed. Quillian and Clark, JJ., concur.*

DECIDED MARCH 9, 1976.

*Hendon, Egerton, Harrison & Glean, Michael Anthony Glean,* for appellant.
*Erwin, Epting, Gibson & McLeod, Gary B. Blasingame, Henry G. Garrard, III,* for appellees.