## 53654. THOMAS v. EQUIFAX, INC.

SMITH, Judge.

Complainant-appellant brought an action against the defendant-appellee alleging the defendant had damaged complainant by reason of a false report to an insurance company stating that complainant "was a felon, which report was malicious and/or fraudulent and/or negligently made" to complainant's damage. The defendant moved to dismiss the complaint on several grounds, one of which was that the complaint, as a matter of law, was "barred under the laws of the United States of America." The motion was sustained based upon the alleged application of the Federal Fair Credit Reporting Act. 15 USCA §§ 1681-1681t. Section 1681h (e) of the Act reads: "Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to sections 1681g, 1681h, or 1681m of this title, *except as to false information furnished with malice or willful intent to injure such consumer.*" (Emphasis supplied.) Section 1681n provides for the recovery of actual damages, punitive damages, court costs and attorney fees where the "consumer reporting agency

... willfully fails to comply with any requirement imposed ..." by the Act. Section 1681o provides for actual damages, costs, and attorney fees in an action where the consumer reporting agency is negligent in failing to comply with any requirement imposed by the Act. The complainant appealed.

While it has been held that the remedies provided by the Act are of a federal statutory nature, and therefore any right to relief in the form of damages is not to be determined by state court decisions (Ackerley v. Credit Bureau of Sheridan, Inc., 385 FSupp. 658 (D. Wyo. 1974)), the issue here is not the "right to relief," but simply a question of proper pleading.

Assuming without deciding that the Act applies, it does not require that a complaint must *allege* that the false information was furnished with "malice or wilful intent to injure such consumer" or with negligence; it requires only that one of these elements must be proved at trial in order to establish a "right to relief" and to recover.

Under our present form of pleading, a "cause of action" need not be alleged; rather, all that is required is sufficient notice to apprise the defendant as to the nature of the asserted claim so that he may prepare his defense. *Fowler v. Fowler,* 231 Ga. 572 (203 SE2d 235); *Sprewell v. Farmer,* 230 Ga. 297, 299 (1) (196 SE2d 866); *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260). Since the complaint here was amply sufficient in its allegations to admit of proof that the false information was furnished with malice, the trial court erred in dismissing it.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED APRIL 4, 1977 — DECIDED MAY 27, 1977.

*W. B. Mitchell,* for appellant.
*Martin, Snow, Grant & Napier, Cubbedge Snow, Jr.,* for appellee.