## 54549. LORD v. SMITH.

DEEN, Presiding Judge.

Lord, the plaintiff in the trial court, filed a petition on March 11, 1972, seeking damages for personal injuries allegedly inflicted when he was shot by Smith. The date of injury is not alleged. The defendant filed an answer on May 15, 1972, pleading justification for the shooting and urging the affirmative defense of the statute of limitation in that the date of injury was February 13, 1970, more than two years before the filing of the complaint. Eventually a judgment on the pleadings was entered in favor of the defendant based on the running of the statute of limitation. The three enumerations of error will be dealt with seriatim:

1. Since the complaint was sufficient to put the defendant on notice of the nature of the suit, the failure to

allege the date on which the injury occurred does not nullify it. *Sprewell v. Farmer,* 230 Ga. 297 (1) (196 SE2d 866). It is true that the answer alleges facts which, if well-founded, demand that the complaint be dismissed because the right of action is barred by the statute of limitation, but this is not ground for dismissal. "Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." Code § 81A-108 (d). A defendant may not obtain a judgment on the pleadings on the basis of allegations in his answer to which no reply is necessary. *G.M.A.C. v. Jackson,* 119 Ga. App. 221 (166 SE2d 739). Accordingly, this record shows no facts undisputed which call for the conclusion that the statute of limitation on the personal injury action had run, and the judgment on the pleadings based on this ground was erroneous at this stage of the proceedings.

2. There is a serious controversy between the parties as to whether the defendant was in default in such manner that the plaintiff's motion to strike the answer (including the statute of limitation defense) should have been granted. We agree that if the answer cannot be considered the defendant's position is untenable and the plaintiff would be entitled to a jury trial on the measure of damages only. The "defense of the statutes of limitation must be especially and affirmatively pleaded before one may avail himself thereof." *Young v. Bozeman,* 229 Ga. 195, 204 (190 SE2d 523); Code Ann. § 81A-108 (c).

It appears that the attorney originally representing the defendant had a long period of illness and other attorneys took over the case. The record contains an uncontested order signed by the trial judge and consented to by counsel for the plaintiff to extend the time for filing defensive pleadings to May 1, 1972. There is also a contested order, likewise appearing to have been consented to by counsel through an unidentified agent, which was signed by the trial judge and by someone for plaintiff's counsel and which reads as follows: "Counsel for plaintiff consenting thereto, defendant is granted until and including May 15, 1972, within which to file defensive pleadings of every kind and nature to the above-styled complaint. This order is entered as of May 1, 1972, nunc pro tunc, since the court made such order on

May 1, 1972, orally. This 17th day of May, 1972." The defensive pleadings were in fact filed on May 15.

In an extraordinary motion to dismiss the answer, following an earlier motion to the same effect and for judgment on the pleadings which had been denied, there is an affidavit by counsel for the plaintiff to the effect that he never signed the May 17 nunc pro tunc order, never consented to it, never authorized anyone to sign on his behalf, and did not know of its existence for several years until the file was searched by other counsel; also, he states that the delay in prosecution of the case was due to his consideration for the illness of defense counsel. There is another affidavit dated May 9 which seems to indicate that the case was at that time in default. If this is true, of course, doubt is thrown on the events of May 1 recited in the nunc pro tunc order. These motions by the plaintiff were denied.

During the same time, the defendant moved to dismiss the plaintiff's petition and for judgment on the pleadings because of the running of the statute of limitation. On May 18, 1977, this double motion was granted, the order reciting as reason "it being further shown to the court that the incident upon which plaintiff's petition was based occurred February 13, 1970, and it being further shown that the petition was not filed until March 11, 1972, more than two years after the date of the occurrence." While it is possible that evidence was offered the court on the date of the shooting, which would have converted the motion to dismiss or for judgment on the pleadings into a summary judgment proceeding, this does not appear from the record. On the contrary, defendant argues only that because his answer sets out a date the fact has been proved, an argument which we have already held to be fallacious.

The second and third enumerations of error deal with the rulings set out above plus a motion by the defendant to open the default and allow his pleadings, including the plea of the statute of limitation, to stand in the event that the court should find that the nunc pro tunc order dated May 17, 1972, was improperly entered. An order of court dated November 15, 1976, reads as follows: "Hearing on motion to dismiss by plaintiff and motion to open default

by defendant coming on for hearing this date, after hearing argument of counsel for both parties, motion to dismiss is hereby overruled. It being shown to the court that cost in the case to date has been paid, motion to open default by the defendant is granted. This decision on motion to open default is supplementary only to the decision overruling motion to dismiss."

We take this order to mean that the court felt the nunc pro tunc order extending the time to file pleadings was valid and on this basis refused to declare the defendant in default; that, however, if he should be wrong on this count, and out of an abundance of caution, he conditionally granted the defendant's conditional motion to open the default based upon such a contingency. The default, if it occurred in May, 1972, could only be opened in November, 1976, under the provisions of Code § 81A-155 (b) specifying that at any time before final judgment, on payment of costs, etc. the court in its discretion may allow a default to be opened "for providential cause preventing the filing of a plea or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened."

In *Houston v. Lowes of Savannah, Inc.*, 235 Ga. 201 (219 SE2d 115) we certified to the Supreme Court the question of whether the above quoted clause provided two or three grounds for opening a default. Relying in large part on *Axelroad v. Preston*, 232 Ga. 836 (209 SE2d 178), a case where the court had made a discretionary ruling to allow a default to be opened which he felt to be due to the illness of counsel, the Supreme Court ruled that three grounds for opening a default exist. We therefore construe the conditional grant of the motion to open the default due to late filing of the answer, if such existed, as a discretionary ruling by the court that a "proper case" had been made. As to this ruling our only concern is whether it constituted an abuse of discretion, and under all the facts of this litigation it is obvious that it did not. This being so, it is unnecessary to decide whether the entry of the nunc pro tunc order of May 17, 1972, was proper as regularizing a prior oral judgment, or improper as attempting, after the time had run out, to take an action for the purpose of

correcting a prior nonaction by the court, which is impermissible. *In re: Thomas,* 134 Ga. App. 728 (215 SE2d 735). If the nunc pro tunc order is valid the defendant was not in default. If it is invalid the defendant is suddenly, after several years of apparent security, in a position of finding himself in default, but before final judgment and after paying costs, pleading a substantial defense, and announcing ready for trial, facts which the trial court in his discretion found sufficient as a reason for opening the default. Accordingly, the result is the same in either event and we need not pass on the legitimacy of the nunc pro tunc order.

*Judgment reversed for the reasons set out in Division 1 of this opinion. Webb and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1977 — DECIDED SEPTEMBER 30, 1977.

*Paul S. Weiner,* for appellant.
*Holcomb & McDuff, Frank D. Holcomb,* for appellee.