## 55731. CHILDERS v. TAUBER et al.

SHULMAN, Judge.
On October 26, 1977, plaintiff-appellant filed suit to recover for medical malpractice and wrongful death. The complaint alleged that plaintiff's intestate died as a result of complications arising from an operation performed on or about July 21, 1976, during which a surgical sponge was removed from the patient's bladder. It was alleged that the surgical sponge was left in the patient during a bladder operation on March 9, 1976, performed by the same physician. This appeal follows judgment on the pleadings entered in favor of defendants (the physician

who performed both operations, the professional association of which the physician is a member, the hospital where the operations were performed, and certain hospital employees) based on the bar of the statute of limitation. We reverse the judgment.

1. Code Ann. § 3-1103 governs the instant case. See Code Ann. § 3-1105; *U. S. Fidelity &c. Co. v. Toombs County,* 187 Ga. 544 (1 SE2d 411). Compare *Jaro, Inc. v. Shields,* 123 Ga. App. 391 (181 SE2d 110). This section provides that: "None of the limitations of section 3-1102 [governing actions for medical malpractice] shall apply where a foreign object has been left in a patient's body, but an action shall then be brought within one year after such negligent or wrongful act or omission is discovered."

Code Ann. § 3-1103 is a legislative adoption of the doctrine of continuing tort which was announced by this court in *Parker v. Vaughan,* 124 Ga. App. 300, 302 (183 SE2d 605). *Parker* held that: "As to this type of wrong the statute can only begin to run from the time the patient has knowledge, or through the exercise of ordinary care could have learned, of the existence of the continuing tort." While this statute established a new time limitation period, it left unchanged the applicable standard concerning the event which triggers the running of the limitation period. See, e.g., *Clark v. Memorial Hosp.,* 145 Ga. App. 305, 306 (243 SE2d 695).

2. The trial court's order granted judgment on the pleadings "upon a consideration of the pleadings only." Other evidence was offered to the effect that the deceased patient neither learned nor was informed that during the second operation a sponge was removed and that the result of the operation was not otherwise discovered within the limitation period for filing. However, this evidence was not offered in response to the motion for judgment on the pleadings and was not considered by the court in ruling on that motion.

The question before us, then, is a narrow one: Did the complaint affirmatively show that every claim set forth therein is barred by the statute of limitation? See *Dillingham v. Doctors Clinic,* 138 Ga. App. 41 (5) (225 SE2d 500). To establish the bar, the pleadings must show on their face that the complaint was filed more than one

year after the patient "discovered" the injury, i.e., after the patient or person seeking recovery had "knowledge, or through the exercise of ordinary care could have learned, of the existence of the continuing tort." *Parker,* supra, p. 302.

Appellees rely on the following count in plaintiff's verified pleadings, which count was admitted by defendant, as conclusive evidence of this discovery: "The [deceased patient's] second operation performed on or about July 21, 1976 revealed the presence of a surgical sponge in her bladder."

The trial court construed the word "revealed" used in the pleadings to be an admission that the sponge was "discovered" within the meaning of Code Ann. § 3-1103 on or about July 21, 1976, and entered judgment on the pleadings on the ground that the filing of the complaint on October 26, 1977, was not within the limitation period. Because the facts as shown in the pleadings and admitted in the answer do not show that the moving party is clearly entitled to judgment, we reverse the judgment.

It might have been procedurally preferable to plead circumstances showing that the complaint was timely filed within one year of the discovery of the foreign object by the patient. Appellant's failure to do so, however, is not fatal to the case. Even assuming that "revealed" means "discovered," the pleadings do not state that the patient made this discovery and therefore do not affirmatively show that the statute commenced running on July 21, 1976.

"It is true that the [complaint alleges that the foreign object in the body was revealed in an operation on or about July 21, 1976] which was more than [one year] prior to the filing of this action. However, under our present system of notice pleadings rather than issue pleadings, the same are now construed most strongly in favor of the pleader, rather than against him. [Cits.] Plaintiff's complaint, while showing that [a sponge was removed in July 1976 by the same physician who had originally operated], under the allegations of said complaint, this does not constitute a beginning point from which the statute of limitation runs. [The complaint involves a claim governed by Code Ann. § 3-1103], and as no date is alleged

showing when [the foreign object was] discovered, said pleadings must be construed most favorably toward the pleader, and to the effect that the [foreign object was] not discovered by the [plaintiff's intestate] more than [one year] before filing [this] action. The statute of limitation did not begin to run until the [foreign object was] discovered by [plaintiff's intestate], irrespective of [the operation revealing the foreign object which occurred] at an earlier time. [Cits.]" *Hamilton v. Lockridge,* 123 Ga. App. 609, 610 (181 SE2d 910). Although *Hamilton* involved a claim seeking damages for unknown fraud which tolled the limitation period, we find the reasoning there to be applicable to this case involving a claim seeking damages for a "continuing tort which tolled the statute as long as it remained in its ever present unknown status." *Parker,* supra, p. 303.

As the statute runs only from the date of discovery of the foreign object by the patient, and that date does not appear in the pleadings, it was not necessary to affirmatively plead either an exception to the statute of limitation or tolling circumstances. The pleadings' silence on this point may not be held against the pleader.

"[T]his record shows no facts undisputed which call for the conclusion that the statute of limitation on the personal injury action had run, and the judgment on the pleadings based on this ground was erroneous at this state of the proceedings." *Lord v. Smith,* 143 Ga. App. 378, 379 (238 SE2d 731). See generally *Breedlove v. Aiken,* 85 Ga. App. 719 (70 SE2d 85). Compare with *Crawford v. McDonald,* 125 Ga. App. 289 (187 SE2d 542) where the evidence submitted on summary judgment showed that ordinary diligence would have required the patient to discover that pains in her leg were not a consequence of a kidney operation.

3. Cases cited by appellees (see, e. g., *Houston v. Doe,* 136 Ga. App. 583 (222 SE2d 131); *Shepherd v. Frasier,* 223 Ga. 874 (159 SE2d 58); *Church of God v. Isaacs,* 222 Ga. 243 (149 SE2d 466)) do not require a contrary result. These cases, unlike the instant case, are either pre-CPA cases construing the pleadings against the pleader or situations where the pleadings showed on their face that the statute had run and no exception to the operation of

the statute appeared.

*Judgment reversed. Deen, P. J., Webb, McMurray, Smith and Banke, JJ., concur. Bell, C. J., Quillian, P. J., and Birdsong, J., dissent.*

ARGUED APRIL 11, 1978 — DECIDED OCTOBER 23, 1978 — REHEARING DENIED NOVEMBER 20, 1978 — 

*Watkins & Daniell, Arthur B. Seymour,* for appellant.

*Webb, Fowler & Tanner, W. Howard Fowler, Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., J. M. Hudgins, IV, J. L. Edmondson,* for appellees.

BIRDSONG, Judge, dissenting.

I must respectfully dissent. It is my opinion that by the very nature of the pleadings, appellant has engineered her own downfall. In essence the complaint shows that on March 9, 1976, the defendant doctor performed a surgical operation for the removal of a stone and in the course thereof negligently left a sponge in the patient's bladder. This negligence necessitated a second operation on July 21, 1976, during which the presence of the sponge was detected and removed. The complaint asserts that as a direct result of this negligence, pain and suffering, additional expense and ultimately death of the patient resulted. These facts are all verified by the appellant, plaintiff below. The record also shows that the complaint was filed on October 26, 1977. On its face therefore the pleadings show that the cause of action had its inception on March 9, 1976, when a sponge was negligently left in the body of the patient; the cause of action became known on July 21, 1976; and the cause of action based on such negligent act was filed on October 26, 1977. My learned brother and I are not in disagreement that this cause of action is subject to the period of limitations established in Ga. L. 1976, p. 1364, eff. July 1, 1976 (Code Ann. § 3-1103) which requires an action predicated upon a foreign object left in the body to be filed within one year after the negligent act is "discovered." It is my conclusion, and one apparently accepted by my

brother, that at least on its face, the verified pleadings show that the statute of limitations ran on July 21, 1977. We differ only as to where we should proceed from that conclusion.

We deal with a judgment on the pleadings in this case. A judgment on the pleadings may be granted only if, on the facts as shown in the pleadings and admitted in the answer, the moving party is clearly entitled to judgment. 2A Moore's Federal Practice § 12.15, p. 2342; *Gulf America Fire &c. Co. v. Harper,* 117 Ga. App. 356 (1) (160 SE2d 663). As I view the pleadings, both complaint and answer, the facts show that a cause of action was revealed (the first synonym of "revealed" in Webster's Dictionary is "discovered") on July 21, 1976, but complaint was not filed until October 26, 1977, over fifteen months later. These facts as pleaded by appellant standing alone clearly and conclusively show that the statute had run. There is nothing in the pleadings to show to the contrary.

My brother asserts, however, that we should apply the rule that pleadings should be construed most favorably toward the pleader and because there are conceivable facts upon the proof of which the appellant could recover, the trial court erred in dismissing the pleadings as being barred by the statute of limitations. These conceivable facts (which must be inferred) are that the plaintiff may not have become aware of the negligent acts of the doctor until some time which was within less than one year of the filing of the pleadings. There appear no such facts in the pleadings or admissions. We are not here concerned with the sufficiency or clarity of the pleadings to state a cause of action where "conceivable facts" can perfect a poorly pleaded complaint. *Mitchell v. Dickey,* 226 Ga. 218, 220 (173 SE2d 695). It is indisputable that a cause of action is alleged, and that no strained interpretation of the plainly stated pleadings is required. Rather, we are here faced with an appellant's pleadings that shows upon its face without contradiction that a cause of action was "discovered" or revealed fifteen months before complaint was filed. This is all the applicable statute requires. In the answer to the complaint, the defendants plainly asserted the statute of limitations. Obviously, appellant believed herself to be

within some exception to the statute. However, where one relies on an exception to the operation of the statute of limitations, he must clearly, plainly and distinctly plead facts which bring him within such exception. *Shepherd v. Frasier,* 223 Ga. 874, 876 (159 SE2d 58); *Church of God v. Isaacs,* 222 Ga. 243, 246 (149 SE2d 466); *Wallace v. Eiselman,* 219 Ga. 595 (134 SE2d 807). As was said in *Houston v. Doe,* 136 Ga. App. 583 (222 SE2d 131) by Judge Deen, at p. 585: "Appellant contends that there were issues of material fact because there might possibly be facts which would toll the statute of limitations and avoid the plea. But he alleged no such facts and raised no such issues. If he had such facts to allege he might have amended his complaint, served affidavits, or asked permission to reply. He did none of these things." As in that case, I would conclude that the defendants have borne their burden by way of demonstrating the prima facie applicability of the affirmative defense of statute of limitations and that the burden shifted to the plaintiff to allege or prove such facts as would toll the statute. In the absence of such allegations or proof of exception, I would affirm the dismissal on the pleadings.

It is noted that there appears in the record a motion by the plaintiff (appellant) for a partial summary judgment limited to liability. Attached to that motion is an affidavit in which plaintiff asserts lack of knowledge until December, 1976. However, the trial court did not consider or rule upon the motion and no enumeration of error is raised as to that omission by the trial court. I do not know of any law or rule of practice and procedure that authorizes this court to examine the entire record and grant a new trial upon a ground of our own making and not upon a ground specified by the appellant. The duty of the appellate court is to correct errors alleged to have been made in the trial court and nothing more. *Hess Oil &c. Co. v. Nash,* 226 Ga. 706, 709 (177 SE2d 70); *Finch v. State,* 138 Ga. App. 668, 672 (226 SE2d 779).

I respectfully dissent. I am authorized to state that Chief Judge Bell and Presiding Judge Quillian join in this dissent.