### 62780. CHILDERS v. TAUBER et al.

Quillian, Chief Judge.

This is an appeal from a summary judgment. Appellant brought this action, in her own behalf and as administratrix of her mother's estate, against a physician, his association, and a hospital based on alleged medical malpractice arising from a foreign object left in

appellant's mother's body resulting in her death. The complaint was in two counts, the first for wrongful death and the second for funeral, medical and other expenses of the mother.

In *Childers v. Tauber,* 148 Ga. App. 157 (250 SE2d 787), we reversed the trial court's grant of judgment on the pleadings to appellees. Subsequently, appellees were granted summary judgment on the first count on the ground that it was barred by the one-year statute of limitation of Code Ann. § 3-1103 (Ga. L. 1976, pp. 1363, 1364). After appellant's application to this court for interlocutory appeal of the grant of summary judgment was denied, a jury trial resulted in a verdict and judgment for appellees on the second count, from which this appeal is taken. *Held:*

1. Contrary to appellees' assertion, the appeal is not dismissed.

Appellees argue that the notice of appeal and the enumeration of error fail to comply with Code Ann. §§ 6-802 and 6-810 because the notice of appeal is from the verdict and judgment on the second count and the sole enumeration does not complain of the verdict and judgment on the second count, but urges as error the application of the statute of limitation which resulted in the grant of summary judgment on the first count.

"[W]hen a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court." *Southeast Ceramics, Inc. v. Klem,* 246 Ga. 294, 295 (271 SE2d 199).

"The failure to include [the ruling on] the motion for summary judgment in the notice of appeal is of no consequence." Id. at 295.

As to the enumeration of error, it is apparent to us that the error specified is the application of the statute of limitation which caused the trial court to grant summary judgment to appellees on the first count.

" '[I]n line with (the Appellate Practice Act's) directive that appeals be decided on their merits and not dismissed . . ."(w)here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing . . . what errors are sought to be asserted upon appeal, the appeal shall be considered . . . notwithstanding . . . that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." '[Cit.] . . .' 'The correct rule with respect to the legal sufficiency of any enumeration of error is that it "need be only sufficient to point out the error complained of . . ." (Cit.) "(T)he subject matter need be indicated only in (the most) general way." . . .' [Cit.]" *MacDonald v. MacDonald,* 156 Ga. App. 565 (1c), 567-8 (275 SE2d 142).

Here, there is no question that the appeal is from the basis for

the trial court's action in granting summary judgment as to the first count.

2. Appellant's sole enumeration is whether the one-year statute of limitation of Code Ann. § 3-1103, supra, was tolled by the application of Code Ann. § 3-1104 (Ga. L. 1976, pp. 1363, 1365) and § 3-803 (Ga. L. 1855-6, pp. 235, 237).

"The disabilities and exceptions prescribed in Chapter 3-8 in limiting actions on contracts shall be allowed and held applicable to actions whether in tort or contract, for medical malpractice." Code Ann. § 3-1104.

"The time between the death of a person and representation taken upon his estate . . . shall not be counted against his estate, provided such time shall not exceed five years..." Code Ann. § 3-803.

Appellant argues that § 3-1104 applies § 3-803 to medical malpractice cases and that the one-year statute of limitation of Code Ann. § 3-1103, supra, was tolled by appellant's mother's death ten months after her cause of action accrued. Therefore, the action for medical malpractice which was filed five months after the death was not barred by the statute of limitation.

The authorities cited by appellant in support of this argument all involve actions in which the estate had an interest. However, in this case the estate does not have an interest in the wrongful death action.

Under Code Ann. § 105-1306 (Ga. L. 1881, pp. 43, 45, through 1971, p. 359) an action for the wrongful death of a mother may be brought by a child. Under Code Ann. § 105-1309 (Ga. L. 1924, p. 60 through 1980, pp. 1154, 1156), an administrator of a decedent's estate may bring an action for wrongful death, if there is no person, such as a child, available to sue for wrongful death under § 105-1306, and then only to recover for the next of kin, not for the estate. Since appellant is the daughter of the decedent, who is bringing the action as administratrix as well as in her own behalf, and § 105-1309 permits suit by the administratrix only if there is no person, such as a daughter, to bring suit under § 105-1306 and then only in behalf of next of kin, appellant's suit for wrongful death can only be in her individual capacity for her own behalf, and not for the benefit of her mother's estate.

While Code Ann. § 3-1104, supra, does enable Code Ann. § 3-803, supra, to bar the running of the statute of limitation against the estate of a deceased person between the time of death and administration being taken upon the estate, it does not authorize § 3-803 to bar the one-year statute of limitation from running against appellant's claim in her individual capacity for wrongful death. Only she individually,

not as administratrix, can bring an action for wrongful death due to medical malpractice.

"Appellant's contention that the statute (of limitation for medical malpractice) is tolled under Code § 3-803 must also be rejected. Code § 3-803 provides that '[t]he time between the death of a person and representation taken upon his estate . . . shall not be counted against his estate.' In an action under Code § 105-1309, the suit is on behalf of the decedent's next of kin, not the estate. Code § 3-803 'does not and can not have application to a case where [the decedent's] "estate" is in no wise interested or concerned.' *Patellis v. King,* 52 Ga. App. 118, 126 (182 SE 808) (1935)." *DeLoach v. Emergency Medical Group,* 155 Ga. App. 866 (2), 868 (274 SE2d 38).

Accordingly, the trial court did not err in granting summary judgment on the first count.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

Decided October 26, 1981 —<br>Rehearing denied December 11, 1981.

*Arthur B. Seymour, Robert E. Born, William D. Hargrove,* for appellant.

*Ben L. Weinberg, Jr., J. M. Hudgins IV, Hunter S. Allen, Jr., Simuel F. Doster, Jr.,* for appellees.

On Motion for Rehearing.

The trial court granted summary judgment to appellee on the first count of appellant's complaint alleging negligent injury and death, which the parties and the court at the time apparently considered to be limited to the claim for wrongful death. We have affirmed this ruling in our opinion.

In her motion for rehearing appellant claims we overlooked another allegation of the first count for the personal tort against the deceased which survived to her as administratrix under Code Ann. § 3-505 and on which the statute of limitations had not run by virtue of Code Ann. §§ 3-1104 and 3-803.

We find that appellant is estopped by the final judgment on the second count. That judgment decided against her the issue of defendant's liability which she is now trying to resurrect by contending it was part of the first count and that summary judgment was improperly granted on that allegation.

The second count realleged all of the allegations of the first count and added a claim for funeral, medical and other expenses. The

second count was clearly for claims of the estate.

Prior to trial of the second count the trial court entered a pre-trial order determining that the only issues to be tried were the liability, if any, of the defendants, and the funeral, medical and other expenses.

A jury trial was had which resulted in a verdict and in judgment in favor of the defendants. Appellant took her appeal from this judgment solely as a vehicle to raise the issue of the validity of the grant of summary judgment on the first count. No error was assigned concerning the verdict and judgment, which is now final.

In the trial of the second count the parties and the issue of defendants' liability were identical to those of the first count. Therefore, by that judgment for defendants on the second count appellant is estopped from raising any issue of defendants' liability for personal tort, now claimed to be alleged in the first count.

"A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein judgment was rendered, until such judgment shall be reversed or set aside." Code Ann. § 110-501. See Code Ann. § 38-623 and *Smith v. Wood,* 115 Ga. App. 265 (1) (154 SE2d 646).

Appellant's additional contention that our holding is erroneous because it results in the statute of limitation starting to run in a wrongful death action arising from medical malpractice before death occurs has been resolved against her by our holding in *DeLoach v. Emergency Medical Group,* 155 Ga. App. 866 (1) (274 SE2d 38), where we said: "[T]he applicable period of limitations in (a wrongful death arising from medical malpractice) case is set forth in Code Ann. § 3-1101 et seq." Id. at 867.

*Motion for rehearing denied.*