## 66183. BEVEL v. ROUTLEDGE et al.

SHULMAN, Chief Judge.

While hospitalized in April 1980 under the care of appellees, appellant swallowed part of a nasogastric feeding tube which had been passed through his mouth into his stomach. Appellant's deteriorating health subsequent to his release from the hospital led him to other doctors who discovered and removed the tube in October 1980. In January 1981, appellant received from the hospital copies of records which identified appellees as his attending physicians. This medical malpractice action was brought by appellant against appellees in September 1982. The trial court granted summary judgment to appellees based on the conclusion that appellant's action is barred by the statute of limitation.

The thrust of appellant's argument on appeal is that the trial court should not have applied the one-year period of limitation provided by OCGA § 9-3-72 (Code Ann. § 3-1103) for cases in which a foreign body has been left in a patient's body. We find it unnecessary to resolve that question since it is clear from the record that appellant's suit is barred by either of the two statutes of limitation applicable to medical malpractice cases.

1. If the period of limitation applicable to this suit is, as the trial court held, that provided in OCGA § 9-3-72 (Code Ann. § 3-1103), appellant's action is clearly barred. The statute provides that actions governed by that section "shall be brought within one year after the negligent or wrongful act or omission is discovered." Appellant concedes that he was aware of the presence of the tube in his stomach in October 1980. It is apparent that this section would bar appellant's action, which was not filed until September 1982. Compare *Childers v. Tauber,* 148 Ga. App. 157 (250 SE2d 787).

2. If OCGA § 9-3-72 (Code Ann. § 3-1103) does not apply to this case, it must be controlled by the provisions of OCGA § 9-3-71 (Code Ann. § 3-1102): "Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which the negligent or wrongful act or omission occurred." Since the alleged negligence in this case occurred in April 1980, appellant's suit filed in September 1982 would be barred.

Since appellant's action would be barred by either of the statutes of limitation applicable to medical malpractice actions, the trial court was correct in granting summary judgment to the appellees.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 7, 1983 —
REHEARING DENIED SEPTEMBER 22, 1983.

*James A. Robbins, Jr., Howard B. Markel,* for appellant.
*C. Wade Monk II, Oscar M. Smith,* for appellees.